# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLOS MANUEL LOPEZ LOPEZ,** | : | **CIVIL ACTION** |
| *Petitioner*, | : | |
| | : | **NO. 26-4078** |
| **v.** | : | |
| | : | |
| **JAMAL L. JAMISON, Warden of** | : | |
| **Philadelphia Federal Detention** | : | |
| **Center, *et al.*,** | : | |
| *Respondents.* | : | |

# O R D E R

**AND NOW**, this 23rd day of June 2026, upon consideration of Petitioner Carlos Manuel Lopez-Lopez's, ("Petitioner"), *petition for habeas corpus*, (the "Petition"), (ECF 1), Respondents', (the "Government"),[1] answer in opposition, (ECF 4),  and  Petitioner's reply, (ECF 6),[2] it is hereby **ORDERED** that, for the reasons set forth in the footnote, the Petition *for habeas corpus* is **GRANTED**[3] as follows:

---

[1]     Petitioner has named as Respondents the following individuals in their official capacities, *to wit*: Jamal L. Jamison, Warden of the Federal Detention Center, ("FDC"), as well as John Rife, the Acting Director of the Philadelphia Field Office of the Office of Immigration and Customs Enforcement, ("ICE"). (ECF 1 at ¶¶ 17-18).

[2]     Pursuant to Local Rule 7.1(c), while a response to a motion or petition is allowed as of right, a reply is not.  L. Civ. R. 7.1(c).  Instead, a party must seek leave of Court to file a reply.  Here, no such leave was sought, yet Petitioner filed a reply on June 18, 2026.  (ECF 6).  In the interest of judicial economy, this Court will consider Petitioner's reply but puts Petitioner and its attorney on notice that leave to file a reply must be sought in the future. .

[3]     In November or December 2023, Petitioner entered the United States without inspection.  (ECF 1 at ¶ 2).  Thereafter, and until June 11, 2026, Petitioner did not have contact with United States immigration officials.  (*Id.*).  On June 11, 2026, Petitioner's boss was driving Petitioner and two of his co-workers to work when the vehicle was stopped by United States ICE officials.  (*Id.* at ¶ 3).  At that time, Petitioner was placed into federal custody, where he remains detained at the Philadelphia Federal Detention Center ("FDC").  (*Id.* at ¶ 39).

By way of the underlying Petition, Petitioner seeks immediate release from detention.  (*Id.* at pp. 13-14).  Petitioner argues that his detention violates the Immigration and Nationality Act, ("INA"), 8 U.S.C. § 1226(a), and the Due Process Clause of the Fifth Amendment to the United States Constitution.  (*Id.* at¶¶ 51-58).  Petitioner argues that the mandatory detention imposed under 8 U.S.C. § 1225(b)(2), ("Section 1225(b)(2)") violates his rights because Section 1225(b)(2) does not apply to individuals like him, who

have been residing in the United States for an extended period of time.  (*Id.* at ¶¶ 48-50).  Rather, individuals who have been residing in the United States for an extended period of time, like Petitioner, are subject to discretionary detention pursuant to 8 U.S.C. § 1226(a), ("Section 1226(a)"), which requires a bond hearing before an immigration judge who must determine whether the detainee is either a flight risk or a danger to the community and, thus, must be detained pending removal proceedings.  (*See id.* at ¶¶ 51-54).

In its response, the Government reiterates an argument the Government knows this Court and others in this District and throughout the country have addressed and rejected.  (ECF 4).  Specifically, the Government argues that Petitioner's detention is pursuant to Section 1225(b)(2), the detention is lawful pursuant to the Board of Immigration Appeals', ("BIA"), decisions in *Matter of Hurtado*, 29 I&N Dec. 216 (BIA 2025) *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025), and, as such Petitioner's detention does not violate the INA or Petitioner's constitutional rights.  (*Id.* at pp. 5-9).  The Government's position rests ultimately on its statutory interpretation of the INA, specifically, its reading of the statute to allow for Petitioner's detention under Section 1225(b)(2) because a noncitizen in Petitioner's position is an "applicant for admission" who is "seeking admission" indefinitely upon arrival in the United States until a final removal or legal status determination is made.  (*Id.* at p. 3).  The Government's argument continues to be unpersuasive.  *See, e.g., Kumar v. McShane*, 2025 WL 3722005, at *5-7 (E.D. Pa. Dec. 23, 2025); *Nasimov v. Jamison*, 2026 WL 94615, at *4-6 (E.D. Pa. Jan. 13, 2026).

Consistent with this Court's many rulings, this Court finds that the Government's detention of Mr. Lopez-Lopez pursuant to Section 1225(b)(2) is unlawful.  The Court also finds that the Government's authority to detain Petitioner lies, at best, within Section 1226(a).  As such, Petitioner is, at the very least, entitled under the law to a bond hearing, and his continued detention without such a hearing violates the INA.

Petitioner also argues that he has a fundamental interest in liberty and freedom from restraint and that the Government's detention of him without a bond hearing to determine whether he is a flight risk or a danger to others violates his right to due process.  (*See* ECF 1 at ¶51-54).  The Government argues that Petitioner's detention is aligned with its "profound" interest to detain undocumented individuals during removal proceedings and that Petitioner's detention has not yet reached an unreasonable duration, relying on a Supreme Court case analyzing substantive due process violations.  (ECF 5 at pp. 9-10).

Construing Petitioner's challenge at Count III as rooted in procedural due process, the Court applies the *Mathews v. Eldridge* balancing test to determine whether Petitioner's rights have been violated.  424 U.S. 319, 335 (1976).  The first *Mathews* factor, Petitioner's private interest, weighs heavily in his favor because the interest at stake is his liberty.  The second factor, the risk of erroneous deprivation of that interest, also weighs in Petitioner's favor because the facts suggest that his liberty interest is being unjustifiably deprived.  Nothing in the record suggests that Petitioner must be detained to ensure his compliance with immigration authorities.  Finally, considering the Government's interest, the Court finds that the function and burden — if any exist — on the Government to provide Petitioner with due process do not justify the current intrusion on Petitioner's rights.  On balance, considering the weight of the *Mathews* factors, this Court finds that the Government's failure to afford Petitioner with due process in effectuating his detention violates his due process rights.

Considering the statutory and due process violations noted, Petitioner seeks his immediate release from custody.  (ECF 1 at p. 17).  The Government posits that Petitioner's detention is lawful under the INA and is constitutional yet provides no argument as to a remedy.  (ECF 5 at pp. 5-9).  A *habeas* court is empowered to "dispose of the matter as law and justice require."  28 U.S.C. §§ 2241(a), 2243.  "The traditional function of the writ of *habeas corpus* is to secure release from unlawful executive detention." *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 323 (3d Cir. 2020) (citing *Munaf v. Geren*, 553 U.S. 674,

1.  The Government's mandatory detention of Petitioner under 8 U.S.C. § 1225(b)(2) violates the Immigration and Nationality Act, ("INA"), and the Due Process Clause of the Fifth Amendment of the United States Constitution;

2.  Because Petitioner is in custody in violation of the law and the Constitution of the United States, he is to be *immediately* released;

3.  The Government is further directed to return to Petitioner any and all funds, forms of identification, and property that may have been seized from him at the time of his arrest on June 5, 2026; and

4.  The Government is directed to certify compliance with the Court's Order by filing such certification on the docket by 5:00 p.m. on June 24, 2026.

The Clerk of Court shall mark this case **CLOSED**, upon receipt of the certification.

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

693 (2008)). Accordingly, for the reasons set forth, this Court finds that Petitioner's detention is a violation of the INA, as well as a violation of Petitioner's Constitutional due process rights. *See* 28 U.S.C. § 2241(c)(3). Consequently, this Court finds that law and justice require Petitioner's immediate release.